**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TYKEI M. GARNER, | No. 4:26-CV-00596 |
| Plaintiff, | |
| v. | (Chief Judge Brann) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

### JUNE 24, 2026

In March 2026, Tykei Garner lodged the instant *pro se* civil rights lawsuit in this Court. It appears that he is attempting to bring multiple claims under the Federal Tort Claims Act (FTCA)[1] that occurred over the span of a decade.

Garner's filing is deficient for several reasons. Most notably, he has not filed a pleading that complies with Federal Rule of Civil Procedure 8 or Federal Rule of Civil Procedure 10. That is, he does not provide "a short and plain statement of the grounds for the court's jurisdiction,"[2] "a short and plain statement of the claim showing that [he] is entitled to relief,"[3] or "a demand for the relief sought."[4] Nor does he assert factual allegations in "numbered paragraphs."[5] In fact, he does not assert *any* factual allegations.

---

[1]  28 U.S.C. §§ 1346, 2671 *et seq.*
[2]  FED. R. CIV. P. 8(a)(1).
[3]  FED. R. CIV. P. 8(a)(2).
[4]  FED. R. CIV. P. 8(a)(3).
[5]  FED. R. CIV. P. 10(b).

Instead, after providing the first two pages of a form complaint that appears to be designed for a negligence claim invoking federal diversity jurisdiction,[6] the remainder of Garner's filing consists of copies of his correspondence to various federal agencies,[7] as well as documents from FTCA administrative proceedings.[8]

Simply put, this collection of letters and documents is not a complaint and does not conform to the general rules of pleading in the Federal Rules of Civil Procedure. It is not the Court's responsibility to sift through Garner's paperwork to determine what FTCA (or other) claims he is attempting to assert, when and where those claims accrued, whether this Court is the appropriate venue,[9] or what allegations Garner is making and against whom those allegations are directed.

Because Garner is acting *pro se*, the Court will give him the chance to try again. The Court strongly advises Garner to heed the following pleading instructions regarding any amended pleading he files:

- The complaint should be a stand-alone document, complete in itself and without reference to any previous pleading.

- The complaint should set forth his claim or claims in *short, concise, and plain statements*, and in sequentially numbered paragraphs.

- Garner must leave one-inch margins on all four sides of his pleading.

---

[6]  28 U.S.C. § 1332.

[7]  *See* Doc. 1 at 3-15, 25-29

[8]  *See id.* at 16-24.

[9]  The FTCA contains its own venue provision, which states that "[a]ny civil action on a tort claim against the United States under subsection (b) of section 1346 of [Title 28 of the United States Code] may be prosecuted *only* in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b) (emphasis added).

- Garner must provide short and plain statements regarding jurisdiction and venue.

- Garner **may not** rely on documents or exhibits to set forth his allegations. Rather, he must comply with Federal Rules of Civil Procedure 8 and 10 and plausibly plead his factual allegations in numbered paragraphs. Garner may attach documents as <u>exhibits</u> to his complaint but should not include those documents in the body of his pleading.

- If Garner is attempting to assert constitutional tort claims against federal officials under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[10] he must so specify.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY**

**ORDERED** that:

1.  Within **21 days** from the date of this Order, Garner must file an appropriate pleading that complies with the Federal Rules of Civil Procedure, the Local Rules of Court,[11] and today's Order.

2.  If no such pleading is timely filed, the Court will dismiss this case pursuant to Federal Rule of Civil Procedure 8.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[10]  *See, e.g.*, Doc. 1-2 (asserting that he is including claims of "deliberate indifference to significant medical needs").

[11]  Relevant portions of the Federal Rules of Civil Procedure and the Middle District of Pennsylvania Local Rules of Court were mailed to Garner at the outset of this case. *See* Doc. 3; Doc. 3-4.

3
