**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TYKEI M. GARNER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 4:26-CV-00596<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**OCTOBER 23, 2026**

Plaintiff Tykei M. Garner filed the instant *pro se* action alleging multiple claims against the United States of America under the Federal Torts Claim Act (FTCA).[1] Garner's initial filing was dismissed because it failed to conform to the pleading requirements of the Federal Rules of Civil Procedure. Garner filed an amended complaint, as directed. That amended pleading, however, fails to appropriately plead venue for any of his FTCA claims, so the Court will transfer this case to the one district court where venue is unquestionably proper.

## I. BACKGROUND

Garner currently resides in New York, New York.[2] In March 2026, he lodged the instant *pro se* FTCA complaint in this Court.[3] The Court screened

---

1 28 U.S.C. §§ 1346(b), 2671-2680.
2 *See* Doc. 9 at 1.
3 *See generally* Doc. 1.

Garner's complaint and dismissed it for failure to comply with Federal Rules of Civil Procedure 8 and 10.[4] As the Court explained, Garner had failed to plead venue, jurisdiction, or any factual details as to what FTCA claims he was asserting and when and where those claims occurred.[5] The Court gave Garner the opportunity to "try again" and provided him with explicit pleading instructions.[6]

Garner filed an amended complaint,[7] but he did not follow the Court's directions. In his "short and plain statement of [sic] relief," he provides a summary of his lawsuit, claiming that his medical care was deficient "over the course of a decade" while incarcerated at various federal prisons.[8] His lawsuit appears to implicate at least six different federal facilities: FMC Devens, FCI Danbury, MCFP Springfield, FCI Schuylkill, FCI Allenwood, and FCI Berlin.[9] The Court observes that only FCI Schuylkill and FCI Allenwood are located in the Middle District of Pennsylvania.

Garner then provides what he labels as "Factual Allegations,"[10] but these assertions are largely legal conclusions. For example, he alleges that he has

---

4 *See generally* Doc. 8.
5 *See id.* at 2.
6 *See id.* at 2-3.
7 Doc. 9.
8 *See id.* at 6-7.
9 *Id.* at 14-15. Garner also lists Dauphin County Prison, but that is not a federal facility and its employees are not subject to FTCA claims. It is possible that Garner intends to implicate up to as many as ten different prisons, as he states that he is seeking $5 million "for each facility" for a total of "$50 million" for his alleged injuries. *See id.* at 7.
10 *See id.* at 8-9.

Machado-Joseph Disease and that throughout his incarceration, “he suffered severe abuse and neglect that led to significant deterioration of his physical and mental health.”[11] He also vaguely states that unidentified corrections officers (from unknown facilities) “punish[ed] him” for behaviors that were caused by his medical condition.[12] As another example, he contends that a facility “retaliated” against him for invoking the Americans with Disabilities Act (ADA) by transferring him to a medical facility in Missouri (presumably MCFP Springfield) for the last 18 months of his sentence.[13] None of these conclusory claims provides necessary details regarding where these purported incidents occurred.

Additionally, Garner does not provide “short and plain statements regarding jurisdiction and venue,” as this Court directed,[14] which are critical for FTCA lawsuits. He likewise does not provide any specific dates for his allegations of medical mistreatment or abuse, except on one page of his amended complaint he states that the “date of incident” at FCI Berlin (which incident he does not describe) was October 18, 2019.[15]

Garner seeks $50 million in damages. However, his amended complaint fails to properly plead or even imply venue, which is critical for claims under the

---

11 *Id.* at 8.
12 *Id.*
13 *Id.* at 9.
14 *See* Doc. 8 at 3.
15 *See* Doc. 9 at 15.

FTCA. The Court will therefore transfer this case to the only district court that would be an appropriate venue for Garner's multiple FTCA claims.

## II. STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[16] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[17] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[18]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[19] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[20] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint,

---

16 *See* 28 U.S.C. § 1915A(a).
17 *Id.* § 1915A(b)(1).
18 *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
19 *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
20 *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[21]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[22] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[23] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[24] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[25] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[26]

Because Garner proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[27]

---

[21] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[22] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[23] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[24] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[25] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[26] *Iqbal*, 556 U.S. at 681.
[27] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).

## III. DISCUSSION

As noted above, Garner initiated this case as a complaint under the FTCA. In his amended complaint, he also briefly mentions—without any development or plausible allegations—*Bivens v. Six Unknown Federal Narcotics Agents*,[28] 42 U.S.C. § 1983, the ADA, "International Human Rights Law," and unspecified prison regulations.[29]

The Court will not address these undeveloped claims for multiple reasons. For instance, Section 1983 does not apply because Garner is attempting to sue federal actors, not state actors. Additionally, any *Bivens* claims Garner may be attempting to assert are barred by binding precedent from the United States Court of Appeals for the Third Circuit.[30] Finally, and more fundamentally, Garner's cursory listing of various causes of action or sources of law does not plausibly state a claim for relief. Rather, superficially listing different types of claims amounts to mere legal conclusions, which may be disregarded.[31] Therefore, the Court will consider only Garner's FTCA claims.

---

28 403 U.S. 388 (1971).

29 Doc. 9 at 10-12.

30 *See Kalu v. Spaulding*, 113 F.4th 311, 327-28, 332 (3d Cir. 2024) (holding that BOP's administrative remedy program creates a "new context" for *Bivens* claims and additionally counsels against extending the *Bivens* remedy in the "prison setting").

31 *Connelly*, 809 F.3d at 787.

### A. FTCA Claims Generally

"The FTCA offers a limited waiver of the federal government's sovereign immunity from civil liability for negligent acts of government employees acting within the scope of their employment."[32] "[T]he FTCA does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court. Thus, 'the extent of the United States' liability under the FTCA is generally determined by reference to state law.'"[33]

### B. Garner's FTCA Claims

Garner's FTCA claims are problematic because he fails to allege proper venue despite being explicitly advised to do so. The FTCA contains its own venue provision, which states that "[a]ny civil action on a tort claim against the United States under subsection (b) of section 1346 of [Title 28 of the United States Code] may be prosecuted *only* in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."[34]

This statutory provision makes clear that FTCA claims may only be filed in certain district courts. According to Garner's amended complaint, he is trying to sue the United States for events that occurred in multiple federal prisons located all

---

32 *Rinaldi v. United States*, 904 F.3d 257, 273 (3d Cir. 2018); *see also* 28 U.S.C. § 1346(b)(1).

33 *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 361-62 (3d Cir. 2001) (quoting *Reo v. U.S. Postal Serv.*, 98 F.3d 73, 75 (3d Cir. 1996)).

34 *Id.* § 1402(b) (emphasis added).

over the country. Garner cannot do so, at least not in the United States District Court for the Middle District of Pennsylvania. Section 1402(b)(1) specifically requires him to prosecute his FTCA claims in the judicial district where he resides (*i.e.*, the Southern District of New York),[35] or the district or districts where the torts occurred.

Thus, while Garner could theoretically pursue FTCA claims related to his incarceration at FCI Schuylkill and FCI Allenwood in the Middle District of Pennsylvania, he cannot join them with FTCA claims that involve other federal correctional institutions located outside of this district. And because Garner's amended complaint lacks any detail whatsoever regarding venue (that is, where any alleged tort occurred), the Court is unable to sever claims and transfer them to other appropriate district courts.

In summary, Garner's vague amended complaint makes it impossible to determine where or when any of the alleged torts occurred. His overly broad and conclusory allegations do not establish where any allegedly negligent conduct happened, only that it may have occurred in one of six (or possibly more) federal correctional institutions in Massachusetts, Connecticut, Pennsylvania, Missouri, and New Hampshire. Thus, this Court is unable to determine where venue would

---

[35] *See* 28 U.S.C. § 112(b).

lie for any of Garner's undeveloped FTCA claims other than the judicial district where he resides.

Therefore, in the interest of justice and for the convenience of the parties (primarily Garner, a *pro se* litigant), the Court will transfer this case to the United States District Court for the Southern District of New York. That transfer will be made pursuant to 28 U.S.C. § 1406(a)[36] (for any improperly venued FTCA claims) and pursuant to 28 U.S.C. § 1404(a)[37] (for any potential claim involving FCI Allenwood or FCI Schuylkill that is, at this time, completely undeveloped).

## IV. CONCLUSION

Based on the foregoing, the Court will transfer this case to the United States District Court for the Southern District of New York, the only venue where Garner could have brought his FTCA claims together in one lawsuit. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

36 *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

37 *See id.* § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").